

FILED
JUN 27 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

KENNETH R. FLAUM, Individually,

    Plaintiff,

vs.

Case No. 4:12cv99

WILLIAMSBURG OUTLETS, L.L.C., a
Foreign Limited Liability Company,

    Defendant.

_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, KENNETH R. FLAUM, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, WILLIAMSBURG OUTLETS, L.L.C., a Foreign Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Kenneth R. Flaum, is an individual residing in Gloucester, VA, in the County of Gloucester.

2. Defendant's property, Williamsburg Premium Outlets, is located at 5715 Richmond Road, Williamsburg, VA 23188, in the County of James City.

3. Venue is properly located in the Eastern District of Virginia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Kenneth R. Flaum is a Virginia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Flaum has a service connected disability and has been evaluated at 100% disabled. Mr. Flaum has back fusions, has rheumatoid arthritis, and had two hip replacements, and uses the aid of a scooter or wheelchair for mobility. Mr. Flaum is totally and permanently disabled due to his service connected disabilities, and he is substantially limited in performing one or more major life activities, including walking. Kenneth R. Flaum has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, which have limited his access to the Defendant's property, and to the goods, services, facilities, privileges, advantages, and accommodations offered at Defendant's property. The ADA violations and barriers to access at the property are more specifically set forth in this Complaint. The barriers to access at the property have also endangered his safety.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Williamsburg Premium Outlets, and is located at 5715 Richmond Road, Williamsburg, VA 23188.

7. Kenneth R. Flaum has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Kenneth R. Flaum desires to visit Williamsburg Premium Outlets not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Williamsburg Premium Outlets has shown that violations exist. These violations personally encountered by Kenneth R. Flaum include, but are not limited to:

**Parking and Accessible Routes**

    A. In this parking facility, there are an insufficient number of spaces designated for disabled use, violating Section 208.2 of the 2010 Standards for Accessible Design.

    B. The disabled use parking spaces that are provided at this facility are not located on the shortest accessible route to the accessible entrances as required in Section 208.3.1 of the 2010 Standards for Accessible Design.

3

C. The disabled use spaces and/or access aisles contain slopes or cross slopes in excess of 1:48 contrary to the requirements of Section 502.4 of the 2010 Standards for Accessible Design.

D. There are no disabled use parking spaces designated as "van accessible" violating Sections 208.2.4 and 502.6 of the 2010 Standards for Accessible Design.

E. There are no accessible routes from the street, sidewalk and parking areas as required in Section 206.2.1 of the 2010 Standards for AccessiblE Design.

F. Some of the doors at the facility are fitted with inaccessible hardware, in violation of Section 404.2.7 of the 2010 Standards for Accessible Design.

G. The lower surfaces (up to 10" AFF) of the push side of some doors at the facility are not smooth as required in Section 404.2.10 of the 2010 Standards for Accessible Design.

H. The maneuvering clearance of some of the doors at the facility do not comply with the requirements of Section 404.2.1 of the 2010 Standards for Accessible Design.

I. The clear width of some of the doors at the facility does not comply with the requirements of Section 404.2.3 of the 2010 Standards for Accessible Design.

J. Some of the door thresholds at the facility are not in compliance with Section 404.2.5 of the 2010 Standards for Accessible Design.

K. There are ramps at the facility that contain excessive slopes in violation of Section 405.2 of the 2010 Standards for Accessible Design.

L. There are ramps at the facility that lack the edge protection required in Section 405.9 of the 2010 Standards for Accessible Design.

M. There are curb ramps at the facility contain excessive slopes, side slopes or cross slopes in violation of Sections 405.2 and 405.3 of the 2010 Standards for Accessible Design.

N. There are changes in level greater than ½" on the accessible route that do not comply with the requirements of Section 303.4 of the 2010 Standards for Accessible Design.

O. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 206.2.2 of the 2010 Standards for Accessible Design.

**Access to Goods and Services**

P. There are permanently designated interior and exterior spaces without the signage

4

required in Sections 216 of the 2010 Standards for Accessible Design.

Q. The signs that are provided at this facility do not comply with the requirements of Section 703 of the 2010 Standards for Accessible Design.

R. There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the 2010 Standards for Accessible Design.

**Public Restrooms**

S. There are exposed pipes in restrooms at the facility, violating of Sections 213.3.4 and 606.5 of the 2010 Standards for Accessible Design.

T. The sinks in the restroom provided do not meet the requirements prescribed in Sections 213.3.4, 606.2 and 606.3 of the 2010 Standards for Accessible Design.

U. The grab-bars in many of the common area restrooms do not comply with the requirements prescribed in Sections 604.5 and 609 of the 2010 Standards for Accessible Design.

V. The mirrors provided for public use in the restrooms do not comply with the requirements in Sections 213.3.5 and 603.3 of the 2010 Standards for Accessible Design.

W. The location of the toilet paper dispenser provided does not comply with the requirements of Section 604.7 of the 2010 Standards for Accessible Design.

10. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without

the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of

the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Williamsburg Premium Outlets to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods,

      services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

      Respectfully Submitted,

      Reed S. Tolber, Esquire
      THE LAW OFFICES OF REED STEWART TOLBER P.A.
      3045 Waverly Dr.
      Charlottesville, VA 22901
      (434) 295-6659
      (434) 295-0816 - Facsimile
      reedtolber@gmail.com

      Lawrence A. Fuller, Esq., *pro hac vice pending*
      FULLER, FULLER & ASSOCIATES, P.A.
      12000 Biscayne Blvd., Suite 609
      North Miami, FL 33181
      (305) 891-5199
      (305) 893-9505 - Facsimile
      lfuller@fullerfuller.com

      By: _____
           Reed S. Tolber, Esquire
           VA Bar No. 66015

      Date: 6/26/12
      Counsel for Plaintiff Kenneth R. Flaum

#4329-Williamsburg Premium Outlets Complaint Pkg (cmc 5-21-12).wpd